# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>        Plaintiff,<br><br>    v.<br><br>SECRETARY OF ADULT & YOUTH AUTHORITY, et al.,<br><br>        Defendants. | CASE NO: 1:11-cv-00248-GBC (PC)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS<br>(Docs. 5, 6)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Docs. 1, 8) |

Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 20, 2010, Plaintiff filed his original complaint. On March 21, 2011, and April 1, 2011, Plaintiff filed motions to proceed in forma pauperis ("IFP"). On April 12, 2011, the Court issued an Order to Show Cause as to whether the motion for IFP should be denied and action dismissed based upon finding that is precluded from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Rather than respond to the Order to Show Cause, Plaintiff filed a first amended complaint on May 20, 2011, in an attempt to demonstrate that Plaintiff is in imminent danger. (Doc. 8).

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions and appeals count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of Plaintiff's court records in previous cases. Fed. R. Evid. 201(d); *see United States v. Howard*, 381 F.3d 873, 876 n.1 (2004).  A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed at least three actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.  The Court takes judicial notice of the following cases: 1) *Hunter v. Attorney General State of California, et al.*, 2:10-cv-00329-EFB (dismissed July 21, 2010) (strike 1); 2) *Hunter v. Attorney General State of California, et al.*, 1:09-cv-01556-MJS (dismissed October 25, 2010 ) (strike 2); and 3) *Hunter v. High Desert S.P., et al.*, 2:09-cv-03504-MCE-DAD (dismissed October 28, 2010) (strike 3).[2]

In *Hunter v. Attorney General State of California, et al.*, 2:10-cv-00329, the court dismissed the action as duplicative and frivolous under *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  Therefore, the Court finds that *Hunter v. Attorney General State of California, et al.*, 2:10-cv-00329, counts as the first strike pursuant to 28 U.S.C. § 1915(g).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g).  However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it may constitute as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

[2] The Court also notes that in *Hunter v. Brown, et al.*, 1:11-cv-00268-JLT (dismissed March 23, 2011), the Court found that Plaintiff was precluded from proceeding in forma pauperis and dismissed the action without prejudice.

1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint if frivolous and then subsequently terminates the complaint). Moreover, section 1915(e)(2) requires courts to dismiss all actions that are frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Lopez v. Smith*, 203 F.3d 1122, 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007). In its dismissal of the action with leave to amend, the court in *Attorney General State of California* found that the complaint was not clear and it failed to allege sufficient facts to place any potential defendant on notice of the any alleged violation of a right. (Doc. 12). After Plaintiff failed to timely respond, the court issued an order to show cause as to why the action should not be dismissed for failure to state a claim. (Doc. 13). After failing to respond to the court's order to show cause, the court ordered Plaintiff to file an amended complaint or the case would be dismissed for failure to prosecute. (Doc. 23). After failing to comply with the order the court dismissed the case without prejudice for failure to prosecute on October 25, 2010. (Doc. 26). Since the court evaluated the merits of the claims in the action and determined that the action failed to state a claim upon which relief could be granted, *Attorney General State of California* counts as the second strike. *See* 28 U.S.C. 1915(e)(2); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

In *High Desert*, the court found that ". . . the allegations in plaintiff's amended complaint [were] so vague and conclusory that the court [wa]s unable to determine whether the . . . action [wa]s frivolous or fail[ed] to state a claim for relief." (Doc. 18 at p. 3). The court advised Plaintiff that he could not seek criminal prosecution and removal of the unnamed officers from their positions and noted that he failed to state a deliberate indifference medical claim or a claim under the Americans with Disabilities Act. (Doc. 18, at pp. 4-6). The court dismissed the case with leave to amend, Plaintiff motioned for an extension of time, yet ultimately did not submit an amended complaint or otherwise respond to the court's order. Although the finding and recommendation does

not explicitly state the reason, the context of the proceedings demonstrate that the action was dismissed on October 28, 2010, for failure to prosecute and/or failure to comply with a court order. (Docs. 24, 26). Since the court evaluated the merits of the claims in the action and determined that the action failed to state a claim upon which relief could be granted, *High Desert* counts as the third strike. *See* 28 U.S.C. 1915(e)(2); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court finds that Plaintiff became subject to section 1915(g) on October 28, 2010, and is precluded from proceeding in forma pauperis and that his original complaint and first amended complaint do not demonstrate that Plaintiff is under imminent danger of serious physical injury. Plaintiff alleges that he is in imminent danger of serious bodily harm as a result of arsenic in the prison water system. (Doc. 8). However, Plaintiff's Exhibits A and B contradict his assertions of imminent danger of serious bodily harm as the notices explicitly state that the levels of arsenic in the drinking water is not an emergency and adverse effects may develop over many years. (Doc. 8 at 7, 8). As Plaintiff is under imminent danger of serious physical injury, the Court will deny Plaintiff's motion to proceed IFP and dismiss without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

Because Plaintiff has three strikes, does not qualify for the imminent danger exception and is precluded from preceding in forma pauperis, the Court HEREBY ORDERS:

1. Plaintiff's application for leave to proceed in forma pauperis is **DENIED** (Docs. 5,6); and

2. This action is **DISMISSED** without prejudice (Doc. 8).

IT IS SO ORDERED.

Dated:    June 6, 2011

_____
UNITED STATES MAGISTRATE JUDGE